The Honorable, the Judges of the United States Court of Appeals for the Fourth Circuit. Oyez, oyez, oyez, all persons having any manner or form of business before the Honorable. The United States Court of Appeals for the Fourth Circuit are admonished to draw an eye and give their attention for the Court is now sitting. God save the United States and this Honorable Court. You're seated, please. All right, the first case we're going to hear is Covert v. LVNV Funding. And Mr. Margulies, when we will hear, oh, Ms. Margulies, excuse me. We'll hear from you first. May it please the Court, Laura Margulies, and I'll introduce my co-counsel, Daniel Bukovec. He may address the Court in case there's any issues. The District Court in this case made two fundamental reversible errors that are enriching the defendants at the expense of legitimate creditors and debtors. The District Court erroneously held that the proof of claims filed by LVNV and its affiliates were not attempts to collect the debt under the federal and state fair debt collection laws. When, in fact, they constituted the first step towards collecting a debt from the debtors' wages through their Chapter 13 plans. The District Court also erred when it found that at the time the Bankruptcy Court confirmed the debtors' plans, it also confirmed all the unsecured claims that were filed in their cases. When, in fact, the Bankruptcy Court confirmation of their plans were not final judgments as to the allowance of LVNV's unsecured claims. And, therefore, the doctrine of res judicata does not apply. As stated by the 11th Circuit in the recent case of Crawford v. LVNV, a case cited in our Rule 28J letter, the filing of a proof of claim is the first step in collecting a debt. To determine what the term collect a debt means, we can look to the dictionary definition. As we cite in our brief and also in the Crawford decision, it means to claim a debt as due and receive payment by means of personal solicitation or legal proceedings. All right, let's assume you're right about that. Why isn't there proof of claim that was allowed and basically finalized in the Court's approval of the Chapter 13 plan? Well, Your Honor... Why isn't that an adjudication of the proof of claim? Your Honor, first of all, that was not a final ruling. Why not the approval of a plan? No. Under 502J of the Bankruptcy Code, and it's cited in the Fourth Circuit's opinion... You mean you can't appeal the approval of a Chapter 13, an order approving a Chapter 13 plan? Your Honor, you can, but the order approving the plan does not prevent a debtor from filing an objection to a plan. Every final judgment can be open for some reason, forever. So there's no total finality. The question we have to adjudicate is whether there was a final judgment such that it could have been appealed and adjudicated the matter. And I think the order entering a Chapter 13 plan can be appealed, can't it? It can be appealed, Your Honor, but also there is no claim preclusion for unsecured claims in the plaintiff's plans. Why? The... a claim can always be reconsidered under 502J. It can happen during the... I understand that, but you're basically saying the order approving a plan is not a final judgment. That's what you're arguing. It's not a final judgment with respect to the claims filed in the case. Well, you know, that's true in a regular court case. We have Rule 60B, and you can come in for lots of reasons and open things up. And bankruptcy proceedings, a court of equity, and they've always treated it as such, and you can do a lot of things later, but that doesn't mean the order approving the Chapter 13 wasn't a judgment. Your Honor, the Bankruptcy Code specifically anticipated that objections to claims would be filed or could be filed after confirmation. In fact, in Maryland, we have the confirmation... All right, forget the fact they can do that. Just give me the case law that says the order approving a Chapter 13 plan is not a final judgment. You have a case that says that? Your Honor, the cases that were cited by the district court all involve Chapter 11 cases and involve... My question is, do you have any case that says the order approving a Chapter 13 plan is not a final judgment? No, Your Honor. We have, though, cases where claims have been objected to after confirmation. Why don't you give that one up, because that doesn't make a judgment not final. I mean, the fact that you can change a judgment or you can open up a judgment doesn't make it not final. I understand, Your Honor, but the plan is silent as to the amount and the validity of unsecured claims. Of course it's not. In this case, the claim was filed. The bankruptcy rules say you have to object. If you don't object, it's presumed allowed. The plan is filed. The plan said we're going to pay the allowed unsecured creditors pro rata. The court signs an order and says that's fine, I agree. And in this case, the people started paying on it. That's correct, Your Honor. And then it came to light that the defendants had no right to actually file these claims. Under the Finch and Hilco decisions, they had no right to file claims. They owned the debt, didn't they? They owned the debt, but they had no license to collect debts in Maryland. No, we're in bankruptcy court. I understand, Your Honor. Tell me why they couldn't file a claim for a debt. If they couldn't, they would be precluded, right? They are precluded, and they should never have filed these claims to begin with. The law requires that when examining a claim, you look to the underlying debt of state law. And the state law in this case prevented LVNV from filing any claims anywhere in the state of Maryland. Could the debtor have objected to the proof of claim because he would say, that creditor is not allowed to collect any money from me? Exactly, Your Honor. He could have done that. He could have, and that's the... But he didn't do that. Well, Your Honor, this is part of the Fair Debt Collection Practices Act. No, no, no, just for my edification, did he file such an objection? The objection was filed as part of this complaint, Your Honor. No, no, in bankruptcy proceeding. In bankruptcy proceeding, we... Did the debtor raise that objection in front of the bankruptcy court and say, that creditor should not take part in this because that creditor has no valid debt, does not have the authority to do it? Was anything like that raised? It was not raised, Your Honor, because at the time, these are debtors that are under the standard of the least sophisticated consumer. And it would have taken a lot of research to look under the Maryland statutes to see if they're licensed and find out if they're licensed and so on. The Finch case didn't invalidate the debt. The Finch case invalidated a judgment, which was an action taken by a debt collector who wasn't licensed under state law. And so the court said that's void because he wasn't licensed to pursue it. That's correct, Your Honor. If a debt collector simply bought 10,000 debts in a transaction in New York City and took no action with respect to them, the debt isn't invalidated. And the Maryland Court of Special Appeals never invalidated the debt. It invalidated the judgment. Exactly, Your Honor. Okay, well, this was not a judgment. Well, Your Honor, these were claims that were filed, and the reason why they were filed in the Maryland bankruptcy court is because they bought debts in the federal bankruptcy court because they bought debts from Maryland residents. And they had no right to file a claim, a proof of claim, on the claim itself under the title the creditor is owed the money. In this case, the debtors never owed the money to LVNV or its affiliates. They did owe the money. They borrowed the money, whether it was credit card or buying something on credit, they owed the money. What the Maryland Court of Special Appeals said, they could not pursue a judgment in Maryland. And if they did, it would be invalidated because they did not have a license to do business as a debt collector. That's true, Your Honor.  against debtors in Maryland. And they were forbidden from taking collection efforts as a fine for a substantial period of time. So it's not only that we couldn't get judgments, they were forbidden from collecting them. You said this debtor, this type of debtor, is least sophisticated. But could a debtor who knew of that issue that you raised now, could they have raised that if they had known it? Could they validly have raised that in bankruptcy? Yes, Your Honor, they could have. But unfortunately, they were not aware of it at the time that they filed these claims. But I'm looking at the law generally that confirmation of a Chapter 13 plan is raised judicata as to issues that can be raised in less formal procedure for contested matters. So you're saying they, had they known, they could have raised it in this less formal procedure. They could have raised it, but they also are asking for not only an objection to the claim, Your Honor, they are also seeking additional monetary and federal and state consumer protection protections. I know that, but the issue, I'm just asking this, but the issue as to whether or not that party could validly, LVNV, could validly seek money from them, isn't the issue of their authority to collect, isn't that at play in something that could be raised by the debtor? Could be raised by the debtor. It could be raised by the debtor, but the debtor did not become aware of that issue until LVNV and its affiliates had already taken a substantial part of their wages each month to be paid on invalid claims. So is your view that a debtor is better off to not know anything about the law at all so that there might be other defenses to the debt or to a collection agency or to an assignment and just stay quiet in bankruptcy and attack it after the fact? No, Your Honor, but I think that it is unrealistic to expect debtors to No, but I'm asking, but you're using that as to what you think is a sophisticated issue. I'm asking, would your position be the same if it wasn't a particularly sophisticated issue, but a part of most people would know, but this unsophisticated debtor would claim he didn't know it? No, Your Honor, if it was something very obvious, for instance, Yeah, but obvious to whom? Well, I'll give you an example. For instance, if the claim was valid, but the debtor just disputed the amount of the claim, then that should have been raised at the time. No, no, no, no, no. But this is a much more different scenario. No, no, no, no, no, no. But that person in your comment is not your client. Wouldn't anybody representing that debtor think that sophisticated or not, they just didn't raise it, now they can raise it? That's your theory. No, that's not my theory, Your Honor. Your theory is that somebody who's not sophisticated enough to raise a claim in bankruptcy should not be barred by ratio to condo. That's your theory. Well, the theory is that the LVNV initially should never have filed these claims. Well, they did, though. Exactly. But they did, and so, no, no, no. Could they, if they had been sophisticated enough, whatever word you use, if they knew that LVNV either had no debt or no authority to collect, you've already said they could have raised that in bankruptcy. The debtor could have. Yes, Your Honor. But that issue was never known, and LVNV knew at the time that it filed all these claims that it had no right to collect. In fact, they were filing claims both in the state court and the bankruptcy court for years before it became known that they did not have a license to do so. Well, I just don't understand why all that could not have been raised and discussed in bankruptcy. It's got to be that a debtor can stand up and go, Your Honor, John Smith filed a proof of claim. I don't even know who that is. He has me mixed up with David Jones on the Eastern Shore. That's not me. You can do that. You don't have to be sophisticated to stand up and go, Who is that? What is that all about? I don't understand. I agree, Your Honor. But on the other hand, if you look at it, if the debtor discovers that the creditor filed a fraudulent claim, should they be barred from raising that at a subsequent hearing? Well, Creditors should not be rewarded and be able to collect money from debtors when they filed illegal claims. There should be consequences to filing those illegal claims. And the fact of the matter is that under the Finch and the Hill Code decisions, these actions to collect are misdemeanor crimes, besides being violations of the state and federal fair debt collection actions. If you're right about that, maybe they could be prosecuted. That's for your honor. But I don't understand why a person owning a debt, who's going to be stripped of that debt unless he files a proof of claim, can't file the proof of claim. There may be consequences, and it may turn out that your defense would be all right. In other words, would knock out the debt. I would doubt it myself. I think the Maryland Court of Special Appeals addressed the circumstances where they went to judgment and said the judgment is null and void because they couldn't get the judgment. But that had nothing to do with the debt. And my question would be is whether, even if you raised it, whether you could vacate the debt because they weren't licensed. They may be subject to a misdemeanor penalty, and that's the only remedy the statute provides, incidentally, the state statute. And maybe you could get that prosecuted. They did later get qualified as a licensee. But not at the time. Of course not. No, you're right. I think my time is up. Before you sit down, just on the one issue, is it your position that because they were not aware of the defense, they're not precluded? It's not only that they were not aware of the defense. There was nobody in the state of Maryland at the time that these proof of claims were filed that realized either in state court or federal court that they did not have a license to. What's the answer to the question? Yes, the answer is yes. And that's a principle of law you have some support for? For. In other words, I've never understood the fact that you don't raise all the defenses of which you are aware. You could have found out just like they did in this case. They found out, I guess, through you people or whoever. But I never understood the fact that they weren't fully aware of the law at the time. They are then excused from raising the defense. Your Honor, the issue is whether a debt collector can file, initially, a claim knowing that they don't have a right to collect. Is a person who has an objection but just doesn't know about it, is that person excused because it is a sophisticated objection? Yes, Your Honor. And where's the case for that? That is under the Crawford decision that we cited. The principle of res judicata? It is included in that language is the least sophisticated debtor language. No, no, that's the enforcement of the Debt Collection Act. I'm talking about being precluded from raising defenses that you didn't raise or that you could have raised. Is there an excuse under that doctrine for not knowing the defense? I'm not aware at this time, Your Honor. Okay. Well, you have rebuttal. We'll see you again. Thank you. Right. All right, Mr. Cantor. Good morning, Your Honors. May it please the Court, my name is Ronald Cantor. I represent the appellees, LVNV Funding, Sherman Originator, and Resurgent Capital Services. I'm here to ask this Court to affirm the District Court's ruling dismissing the appellant's lawsuit under federal and state consumer protection statutes and also under the common law claim for unjust enrichment. Those claims are all premised on the filing of an alleged invalid proof of claim in the appellant's confirmed Chapter 13 plans. Several alternative grounds for dismissal were argued below, and the Court's memorandum opinion at pages 8 and 9, which appear at the joint appendix at 94 and 95, mention those alternative grounds. I bring that to the Court's attention because I will be suggesting that there are alternative grounds that would permit affirmance that were not necessarily relied upon by the District Court, although, of course, I suggest that all of the basis of the Why isn't your client not registered? That's a long story. Can you give me a short answer? Can you give me a little bit of leverage? If it's going to take that much, it's not worth filing. The answer is as follows. Why don't they just register? I'm sure there's some reason. In 2007, the Maryland Legislature amended the Maryland Debt Collection Agency licensing statute to include within the definition of a collection agency an entity that purchased a debt and engaged in their own collection action after the debt went into default. Before the law became effective, the Commissioner of Financial Regulation sent a letter to the Debt Buyers Association's president, their trade association president, in response to an inquiry as to the breadth of the law. The letter says if you merely hold the debt but hire a third-party agency or hire another to collect it, you do not need to be licensed as long as the entity you hire to collect it is, in fact, licensed. In reliance on that, most of the members of the industry did not seek to get a license. In 2010, the Commissioner of Financial Regulation, a new commissioner, Let me ask. Is it difficult to get a license? No. I mean, you have to apply. There's an online process. Your clients are licensed now, right? They are licensed because, again, in 2010, the commissioner changed the prior opinion and said, no, we meant So your answer is you weren't licensed because you didn't think you had to be licensed? Not only that, we had a letter from the agency. I know that, but that's what you thought. Of course. Yes, that is what we thought. Absolutely. Okay. Thank you very much. You're welcome. I hope I didn't take too long. I was going to say, that didn't take too much time, did it? Thank you. Okay. The alternative grounds argued were, first, that the confirmed Chapter 13 plan operates as race judicata and prohibits all of the causes of action asserted in the complaint. Do you think that's your strongest and clearest basis for affirmance? Well, to the extent that I didn't think so before I got here, I have a little bit more confidence in it now, based on the court's questions, but there are other reasons. And, by the way, Judge Chaz now agreed with the race judicata argument as to the common law unjust enrichment claim. Why was she wrong about SenPen? The reason she was wrong about SenPen is because it was a confirmed plan where, for better or worse, the secured creditor who had a judgment lien didn't file a proof of claim. Bankruptcy law provides, it's Section 506, I think, that secured liens survive a discharge. So, in order to have that lien avoided, which is a creature of state law, you had to affirmatively act and ask the bankruptcy court to avoid the lien. That wasn't done. So, I think SenPen can be limited to the circumstance where the- What are the circumstances that cabin SenPen? Is it notice? Is it third party? What is it? Secured debt? What do you think? What cabin SenPen do you think? You mean, well, it's the operation- What limits it? Pardon me? What limits SenPen, in your view? Section 506 of the Bankruptcy Code, the proposition, well, not the proposition, the statutory provision that secured liens survive a discharge absent a party coming in and taking an affirmative step to have the lien either avoided or stripped or otherwise modified. And I think it can be limited in that situation, and I've so argued that in the brief, so that, again, on affirmance, I suggest the court can, for the alternative reasons, affirm on race judicata, not only as to unjust enrichment, but as to all of the other claims. You know, the SenPen case basically said that if the issue has to be raised by an adversary proceeding, and it wasn't raised by an adversary proceeding, it's not precluded. That's what it said. Yeah. All right. Just a minute. Follow me. Yes. In this case, the issue is whether a debt is rendered illegitimate because the person who filed the proof of claim is not licensed. That is not an issue that has to be raised by an adversary proceeding. That's an issue that is raised simply by objecting to the proof of claim, and the whole issue would have been resolved on the objection to the proof of claim. Does it invalidate the proof of claim because the person who filed the proof of claim wasn't licensed? I don't believe so because it could have been adjudicated. It could have been determined by an objection. Well, it could have been adjudicated, but it didn't have to be, and if it doesn't have to be, you've got a slam-dunk race judicata defense. Yes, I mean ---- The SenPen takes you out of that. If it had to be raised by an adversary proceeding, and it wasn't, you don't get the benefit. Do you mean it could have been adjudicated by way of contesting the proof of claim or by adversary proceeding? Well, clearly it could have been contested by objecting to the proof of claim, and if the bankruptcy court determined the proof of claim was invalid, then there's no ---- Not only could it have been, it would have to be, otherwise the proof of claim is approved. That's what I'm saying. The statute says unless you object, then it's allowed, and you have to object. It directs you to object to the proof of claim, and the court will adjudicate the proof of claim. Isn't that right, under bankruptcy proceedings? Yes, and in fact, if you look ---- I don't understand why you're not making the point. Well, I can't make it as well respectfully as your Honor. I'm just asking questions. Oh, no, I understand. But, again, to the extent, in answer to your question, I think SENPEN can be properly limited to the circumstance, to the, I don't want to say unique circumstance, but to the circumstance where the statute prescribes, or it doesn't prescribe, but it provides, that lien survives, and you have to take affirmative action to challenge it. Well, I'll tell you, if you just listen, if you read the case and you listen to what Judge Niemeyer just asked, it's not limited to that specific statute. It seems to me to be limited to those issues that must be decided behind adversary proceeding. It has nothing to do with, I don't think it has to do with a specific statute in Maryland, or wherever it was. It has to do with the process by which the issue is addressed in bankruptcy court. The case says, in other words, I'm quoting now, if an issue must be raised, must be raised through an adversary proceeding, it is not part of the confirmation process, and unless it is actually litigated, confirmation will not have a preclusive effect. So, if it must be raised by an adversary proceeding and wasn't so raised, it's not going to be, you're not going to get the benefit of it. My question to you is, the way you get around Sen Penn is to argue, whether you're correct or not, is that the proof of claim, the issue in this case, is adjudicated by the requirement to object to the proof of claim. Because the adversary proceeding that's now filed before us is the identical issue. Can a person who's not licensed file a proof of claim? I think that's correct. The supposed invalidity of the proof of claim must, does not have to be raised in the adversary. It can simply be raised as an objection to the proof of claim. It probably need not be raised by an adversary. What do you add to it? If they filed a declaratory judgment action, adversary proceeding, in the bankruptcy case, we want to declare the debt illegal. Maybe they could have filed it, but why would they do that when they can simply object to the claim and the court would have reached the same issue? That's superfluous. A declaratory relief would be superfluous to simply objecting to the claim and have it. And so, based on your Honor's comments, again, this. Well, these are, you know, whether we buy into them or not, this is the test where you're going. And it's not altogether clear what position you're taking. You were asked a question why SENPEN didn't apply. And you started talking about the subject matter of the action, and I'm not sure it limited it to that subject matter. I hope I've answered the question. And if there's other questions on race judicata, I'd like to entertain them. Otherwise, I do want to address the other. If in fact, if in fact, well, there was a proof of claim filed. Is your position that the debtor could have objected and said to the court, we don't owe that debt or they are not allowed to collect it. Could they have raised that issue in front of the bankruptcy judge? Yes. Now, as to the question of not owing the debt, if you look at their reply brief at note 11, they're not attacking the amount. I didn't ask you that. I said, could they have raised it? Yes. The court may go, okay, you raised it in the contested matter, but you're wrong. Here's the proof. And the court could have said, you're wrong about no authority because of the lack of a license. The court could have said that, couldn't they? Yes. And then that could have been appealed. Is that not right? Well, yes, of course. I mean, if the court overruled an objection to the proof of claim. So that's how, that would be under your position, how someone gets the issue decided by a court in the proper form and they wouldn't, if they raised it and lost in the bankruptcy court, that would have no preclusive effect until that appeal was finaled all the way to the district court and the circuit court and the U.S. Supreme Court. Isn't that how it works? Yes. I mean, again, that was argument number one before the district court, and the district court accepted that as to the common law claim. What do you make of the other side's argument that this is a pretty sophisticated type argument and when you look at the kind of person a debtor is in this Chapter 13 filing, you can't expect them to know that part of the law. I have two observations. The first is the least sophisticated consumer standard is one that the courts have developed in analyzing conduct by a debt collector under the Fair Debt Collection Practices Act and a plaintiff's standing or the ability to substitute any words you want to for that. Okay. An unsophisticated person, even strike that, a person who just, we can all agree, did not personally know of this provision. I was going to follow that up. It's not in the briefs. Well, I beat you there. You did. It's not in the briefs, but there's a case that was decided by the Maryland Court of Appeals called Crowder v. Master Financial. I think I'm getting it right. I don't have the site. Judge Wilner decided maybe 10, 12, 15 years ago, and my recollection is it went to the, I know it went to the Court of Special Appeals, went to the Court of Appeals and was re-argued. The principle was as follows. The plaintiff said we're suing a mortgage lender because they charged an illegal fee and they weren't licensed. The defense was you're time barred. You didn't file it within the three-year time period. Plaintiff said we didn't know they were unlicensed. The Court of Appeals says it's a matter of public record. You're charged with knowledge. And that's the law. And I don't think there's any contrary authority where the court would create a different standard for knowledge of the law or as a condition for bringing a lawsuit based on a party's lack of sophistication or lack of knowledge or lack of intelligence. So I think the principle, and I don't want to go too far, but I would speculate, I think that's the proper word, I would speculate based on my years of experience that there's probably federal case law of the same principle. That is where the question of whether a party has a license or a registration to do business is a matter of public record. The statute isn't extended because you claim you didn't know about it because it's on the record and the law presumes that you had. Wouldn't this be a question of federal law as to how a person is bound in a bankruptcy proceeding? Wouldn't that do difference to the Maryland courts and the judges who come from Maryland? But that's just a question of federal law. I answered with what ammunition. That's probably a bad word. I answered with what information I could give to you. The analysis, I think, is solid whether it be from a state court of appeals or whether it be just a principle of law that a party is charged with certain knowledge and that doesn't extend the statute or it doesn't excuse inaction because of the fact that that individual. You said there was another point you wanted to raise and I raised you to cut off. Well, that was it. It was a Crowder case. That's why I said you beat me to it. The Fair Debt Collection Practices Act. I want to, well, I've got some time so I'm going to cover it. Congress passed the law in 1977. Specific finding, 15 U.S.C. section 1692A, abusive debt collection practices contribute to the number of personal bankruptcies. That's an acknowledgment that the FDCPA regulates third party collectors who collect debts. Once one moves into bankruptcy, they're protected by the shield and the bubble of the automatic stay. Now, I want to read to you. What argument are you making that the filing of proof of claim is not a debt collection activity? Correct. Correct. The statute reads pretty broadly, doesn't it? It does, but it says. The action taken basically in connection with the collection of a debt? The filing of a proof of claim, as was consistent case law until the Crawford case, is not deemed a collection action. It's simply a request to participate in a distribution to creditors. And if you. But the basis for that filing is the debt and the basis for any recovery or any payment is the debt. Obviously. The FDCPA. Well, if it's obviously, then it may be not so obviously that it's two separate things and one completely trumps the other. That's your argument, isn't it? Bankruptcy trumps the collection act. Not in all situations, but in this one. All that matters today. Well, the FDCPA, it's a comprehensive regulatory statute. It's got three prongs. The first prong is mandatory disclosures. And I'm going to focus on that because E11 says that a debt collector has to disclose in its initial communication that this is an attempt to collect a debt and any information obtained will be used for that purpose. So if that language appears on a proof of claim, it's inherently irreconcilable with the automatic stay provision that you can't take action to collect a debt. And that's exactly what the Second Circuit in Simmons said when they ruled that the filing of a proof of claim is not actionable under the fair debt collection. But you could violate the statute that way, too, couldn't you? If filing the proof of claim is a violation of the statute, why couldn't you violate the statute by not putting that disclaimer at the first of your proof of claim? You could violate the statute. I'm saying so. I don't see how that argument gets you anywhere. Well? You said if you put it down to indicate that's what you were doing, it would be inconsistent with bankruptcy. But it seems to me the argument here is you're violating the law, the Fair Debt Collection Act, by even taking the step to file a proof of claim. It's not a step too far to say if you're willing to do that, you certainly are willing to violate the law by not having the disclaimer. I don't think that proves anything, does it? It proves the inconsistency between applying the Fair Debt Collection Practices Act. Well, if a court were to say that filing proof of claim wasn't debt collection activity, then it follows that you'd have to file the disclaimer with your proof of claim, right? It would certainly, in that sense, be somewhat misleading. The fact that you didn't do it doesn't prove a thing. We still have to look at the terms of the statute. You're going to apply the statute, and then that notice could certainly be deemed false, misleading, and confusing to the debtor. The court could adjudicate that. Well, Judge Keenan just joined in an opinion, I think, this week on the E11 issue. It was Ramsey. And the lawyer had put the E11 notice on a show cause for contempt, for failure to appear at a post-judgment exam. And the court says, yeah, you have to put that on there, or at least it's permissible. So what I'm saying is that it's inherently, in my mind, and according to the Second Circuit in Simmons, and I'll close with this, the FDCPA is designed to protect defenseless debtors and give them remedies against abuse. That purpose is not implicated when a debtor is protected by bankruptcy proceedings and by discharge afterward. I suggest this court should follow Simmons. So your argument is that when the debt collector files a proof of claim, the debt collector subjects himself to a court of equity, which has a duty to look after not only the proof of claim filer, but also the debtor and the estate. My argument is that the remedy is with the bankruptcy court. You've obviously characterized it in a different way, but we understand the bankruptcy court is a court of equity. Well, I'm not suggesting that's what I believe. I'm just saying that's your argument, isn't it? My argument is that they subject themselves to contempt or other sanctions under the bankruptcy court. I see my time has concluded. Okay, thank you. Thank you very much. Okay, Ms. Margulies. Thank you, Your Honor. What we have discovered, and you have asked about, is that the debtors in this case are not merely objecting to the claim. They also have claims for relief that could not be part of an objection to the claim. Their remedy can only be done by an adversary proceeding. That's correct, Your Honor. But the issue is limited in both cases to the identical issue, which is your adversary proceeding you filed is based on one fact, that is that they are a debt collector who wasn't licensed. And the proof of claim, your objection to the debt in the bankruptcy court would have been the proof of claim is not legal because they were not licensed. That's correct, Your Honor. All right. So it's the identical issue, and the only distinction is if you lose on the proof of claim issue, there is no adversary proceeding. No, Your Honor. As soon as LVNV started collecting payments from the debtors' wages, the debtors then had an unjust enrichment claim. They had the violation of the Fair Debt Collection Practices Act and the two Maryland statutes. Unjust enrichment, you mean because they collected a debt which the consumer incurred? The consumer got the money, didn't they? They borrowed the money. They borrowed the money, Your Honor. All right, and they're paying back the money. But this particular creditor was not permitted to collect that debt. Well, I understand they weren't licensed, and there's a criminal penalty for that in Maryland. Yes, Your Honor, but they also have been found to have violated. This is a distribution in a bankruptcy case approved by the bankruptcy court, not objected to, and every one of these debtors, without objection, paid off or started paying on their debts. That's correct, Your Honor. But at the time, this was improper. They should never have collected it. You say this was improper from the get-go. It's just the debtor, just for whatever reason, was sophisticated or didn't understand, didn't raise any objection to that proof of claim. They have raised it now, and LVNV has already collected the payments. I'm talking about doing bankruptcy. Correct? They didn't raise it. Correct? Correct? Correct. Now, your claim is, your assertion is they now may have a claim. Where does that money go if they win? If they win and they collect money, where does it go? Your Honor, the money goes to two parts. In cases where the debtors were having a percentage, in other words, the unsecured creditors are only getting a percentage, then those legitimate creditors will be refunded, and the Chapter 13 trustee would make those payments to the legitimate creditors once they get the money back from LVNV. In cases where there was a 100 percent payment, then the payment would go directly to the debtor. So, and that's as to all fees that are recoverable? Attorney's fees and everything? Except for under the federal and Maryland statute, there's a statutory fee of $1,000 for filing a claim that is found to be. Where does that money go? That money, I believe, would go to the debtors in each of these cases. So the debtor would, I'm just asking, under that theory would the debtor end up better off for having not objected in bankruptcy? No, Your Honor, because a lot of these debtors have paid more than that. No, but wouldn't they end up with $1,000 that, if they had gotten before bankruptcy confirmation, at least would be in play as to who got to deal with that $1,000? Your Honor, if they had filed these objections at the prior, they would still be entitled to that $1,000. And when they got that $1,000, would that money be part of the bankruptcy? That would be part of the bankruptcy estate, because any earnings. Wait, the creditors then could make a claim on it. That's right, and you would have legitimate creditors getting paid. I know that. But now afterwards, you told me the $1,000 would go to the debtor. The debtor. Right. It would go to the debtor, but the debtor would then have to turn it over to the estate. So the debtor wouldn't net that $1,000 without claims. If they're in a pro rata case, then it would go back to the trustee for distribution to creditors. So let me ask this question. So what's the time limit on when a debtor in this situation could file a claim? You mean file an adversary proceeding? Yeah, like this action that you're bringing. Under 502J, until the last payment is paid. Long, long time. That's correct, Your Honor. Under the law, they can file it any time during the process of the claims. The theory then would leave that there's still payments being made, but at the very last second, this suit could be filed, there could be money collected, even then to change what happened under bankruptcy. The plan. That's right, Your Honor. If it turns out that the claimant had no right to claim, yes, then they would have to refund the money. And these claims were raised in an adversary proceeding that could only be raised, these other four claims, in an adversary proceeding besides the objection to the claim. And the objection to the claim could be at any point, Your Honors. You went through a red light. I'm sorry. That's fine. Thank you very much. Thank you very much. We'll come down and greet counsel and proceed on to the next case. Thank you.
judges: Paul V. Niemeyer, Dennis W. Shedd, Barbara Milano Keenan